IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| THEODORAN WATERS, | ) | |
| | ) | |
| Plaintiff, | ) | No. 2:22-02071-DCN-MGB |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| UNIVAR SOLUTIONS USA, INC. and | ) | |
| THE BOEING COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

  This matter is before the court on Magistrate Judge Mary Gordon Baker's report and recommendation ("R&R"), ECF No. 20, that the court deny defendant The Boeing Company's ("Boeing") motion to dismiss. ECF No. 16. For the reasons set forth below, the court rejects the R&R and grants the motion to dismiss.

## I.  BACKGROUND

  The R&R ably recites the facts as stated in the complaint, and the parties do not object to the R&R's recitation thereof. Therefore, the court will only briefly summarize material facts as they appear in the R&R for the purpose of aiding an understanding of the court's legal analysis.

  This matter arises out of alleged race-based discrimination, retaliation, and creation of a hostile work environment. On approximately July 24, 2017, Theodoran Waters ("Waters") began working for defendants Boeing and Univar Solutions USA, Inc. ("Univar") as an OSS Material Handler at Boeing's North Charleston location. ECF No. 1, Compl. ¶ 12. Waters is African American. Id. Beginning around March 2021, Waters alleges that he was subjected to harassment and discrimination by his fellow employees

1

who would call him derogatory names like "piece of shit." Id. ¶ 13. Waters alleges that Caucasian employees were often treated more favorably than the African American employees by having more flexibility in their schedules allowing them to switch their schedules regularly. Id. Waters reported the racial discrimination to Boeing's Human Resources, who initially provided Waters with an incorrect number to dial, but he was eventually able to get in contact with another member of Human Resources to report the discrimination. Id. ¶ 14. Following his report, Univar and Boeing allegedly retaliated against Waters by issuing baseless write-ups and eventually terminating Waters around August 20, 2021 for "missing too many days." Id. ¶ 15. Waters claims that the reasons proffered for the termination were pretextual in nature and not the true reason for ending his employment. Id. Waters filed a grievance with the Equal Employment Opportunity Commission ("EEOC"), which thereafter issued Waters a right to sue letter. Id. ¶ 2.

The record shows that Waters filed an EEOC charge with the help of an attorney on October 19, 2021, naming Univar as the sole respondent. ECF No. 16-2 at 3. The charge alleges that Waters "began working for Univar Solutions in 2017" and that he was "subjected to harassment and racial discrimination beginning around 3/2021 – 4/2021." Id. In support of these claims, the charge alleges, inter alia, that Waters "had a Boeing vehicle assigned to [him] for some time, then [he] had to give it to a Caucasian Boeing employee. The Caucasian man then asked, 'is this your shit?' and [he] reported the comments and racial discrimination to [his] supervisor, but nothing was done." Id. Waters further alleges that "[he] was written up for 'false reporting' for instances regarding the Boeing vehicle and days missed from earlier in the year." Id. On March 31, 2022, Waters filed an amended EEOC charge. Id. at 4. The amended charge still

2

named Univar as the sole respondent, but changed Univar's address to the North Charleston location of Boeing. Id. This action followed.

On June 30, 2022, Waters filed this action in federal court alleging that Boeing and Univar violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) et seq. ("Title VII"). ECF No. 1. This case was referred to Magistrate Judge Mary Gordon Baker for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Civil Rule 73.02(B)(2)(g) (D.S.C.). On August 18, 2022, Boeing moved to dismiss the complaint for failure to exhaust administrative remedies. ECF No. 16. Waters responded in opposition on September 1, 2022, ECF No. 18, to which Boeing replied on September 7, 2022, ECF No. 19. The magistrate judge issued the R&R on October 7, 2022, recommending the motion be denied, ECF No. 20, to which Boeing objected on October 20, 2022, ECF No. 21, and Waters replied on November 3, 2022, ECF No. 22. As such, the matter is now ripe for the court's review.

## II.  STANDARD

### A.  Order on R&R

This court is charged with conducting a de novo review of any portion of the magistrate judge's R&R to which specific, written objections are made. 28 U.S.C. § 636(b)(1). A party's failure to object is accepted as agreement with the conclusions of the magistrate judge. See Thomas v. Arn, 474 U.S. 140, 149–50 (1985). The recommendation of the magistrate judge carries no presumptive weight, and the responsibility to make a final determination rests with this court. Mathews v. Weber, 423 U.S. 261, 270–71 (1976). The court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge . . . or recommit the

matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1).  The court is charged with making a de novo determination of any portion of the R&R to which a specific objection is made.  Id.

However, in the absence of a timely filed, specific objection, the court reviews the R&R only for clear error.  Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (citation omitted).  Furthermore, "[a] party's general objections are not sufficient to challenge a magistrate judge's findings."  Greene v. Quest Diagnostics Clinical Labs., Inc., 455 F. Supp. 2d 483, 488 (D.S.C. 2006) (citation omitted).  When a party's objections are directed to strictly legal issues "and no factual issues are challenged, de novo review of the record may be dispensed with."  Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982) (citation omitted).  Analogously, de novo review is unnecessary when a party makes general and conclusory objections without directing a court's attention to a specific error in a magistrate judge's proposed findings.  Id.

### B.  Rule 12(b)(6)

The Supreme Court recently held that Title VII's charge-filing requirement is not jurisdictional, but rather a procedural rule.  Fort Bend Cnty. v. Davis, 139 S. Ct. 1843, 1850–51 (2019); see also EEOC v. 1618 Concepts, Inc., 432 F. Supp. 3d 595, 601 (M.D.N.C. 2020) (finding that Davis requires that the charge-filing requirement be analyzed under Rule 12(b)(6) and not under Rule 12(b)(1)); Lee v. Esper, 2019 WL 7403969, at *2 (D.S.C. Aug. 13, 2019), report and recommendation adopted, 2020 WL 32526 (D.S.C. Jan. 2, 2020) (noting that challenges to administrative-exhaustion requirements are appropriately considered under Rule 12(b)(6)).  Consequently, the court

will analyze the instant case under Rule 12(b)(6) and not under the Rule 12(b)(1) standard that Boeing originally requested.  ECF No. 16.

A Rule 12(b)(6) motion for failure to state a claim upon which relief can be granted "challenges the legal sufficiency of a complaint."  Francis v. Giacomelli, 588 F.3d 186, 192 (4th Cir. 2009) (citations omitted); see also Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) ("A motion to dismiss under Rule 12(b)(6) ... does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.").  To be legally sufficient, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  A Rule 12(b)(6) motion should not be granted unless it appears certain that the plaintiff can prove no set of facts that would support his claim and would entitle him to relief.  Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993).  When considering a Rule 12(b)(6) motion, the court should accept all well-pleaded allegations as true and should view the complaint in a light most favorable to the plaintiff.  Ostrzenski v. Seigel, 177 F.3d 245, 251 (4th Cir. 1999); Mylan Labs., 7 F.3d at 1134.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.

### III.   DISCUSSION

The crux of this motion comes down to whether Waters failed to exhaust his administrative remedies against Boeing by only naming Univar as a defendant in the EEOC charge.  The parties primarily dispute whether mentioning Boeing without naming it as a defendant in the EEOC charge gave Boeing notice such that inclusion of Boeing in the federal complaint is permissible.  See ECF Nos. 21, 22.  Both parties disagree on the application and results of the "substantial identity" test, also known as the "identity of interest" test, for determining whether failure to name a defendant in an EEOC complaint can preclude a later complaint filed against that defendant.  See id.  The court finds that since Waters was represented by counsel in his EEOC charge, his failure to name Boeing in that charge—despite knowledge of Boeing's involvement—prevents Waters from now naming Boeing in his federal complaint.  Thus, the court grants Boeing's motion to dismiss.  The court explains below.

Title VII prohibits an employer from discharging or otherwise discriminating against an individual on the basis of his or her "race, color, religion, sex, or national origin."  42 U.S.C. § 2000e–2(a)(1).  Before filing a Title VII suit, however, a plaintiff must exhaust his administrative remedies by filing a charge of discrimination with the EEOC.  Miles v. Dell, 429 F.3d 480, 491 (4th Cir. 2005).  "Consequently, the allegations contained in the administrative charge of discrimination generally operate to limit the scope of any subsequent judicial complaint."  Chacko v. Patuxent Inst., 429 F.3d 505, 509 (4th Cir. 2005) (quoting Alvarado v. Bd. of Trs. of Montgomery Cmty. Coll., 848 F.2d 457, 460 (4th Cir. 1988)).

Because "lawyers do not typically complete [EEOC] charges," district courts are commanded to "construe them liberally." Id.  Accordingly, "an [EEOC] charge of discrimination does not strictly limit a Title VII suit which may follow." Bryant v. Bell Atl. Md., Inc., 288 F.3d 124, 132 (4th Cir. 2002) (quoting Chisholm v. U.S. Postal Serv., 665 F.2d 482, 491 (4th Cir. 1981)).  Instead, the law authorizes a Title VII plaintiff to assert in federal court those discrimination claims stated in his EEOC charge, those "reasonably related" to his EEOC charge, and those that might "be expected to follow from a reasonable administrative investigation into h[is] EEOC charge." Sydnor v. Fairfax Cnty., 681 F.3d 591, 594 (4th Cir. 2012).  This doctrine "strike[s] a balance between providing notice to employers and the EEOC on the one hand and ensuring plaintiffs are not tripped up over technicalities on the other." Id.  The law makes clear that the touchstone of the inquiry is whether the EEOC charge placed the employer on notice of the suit that might follow. Id.; see Chacko, 429 F.3d at 510 ("Congress intended the exhaustion requirement to serve the primary purpose of notice and conciliation.").  But, "[c]ourts are sympathetic to the difficulties of mastering the organizational structure of an employer and naming all corporate entities that may have been involved in the discriminatory conduct at issue." 1618 Concepts, Inc., 432 F. Supp. 3d at 603 (internal quotation marks and citations omitted).

Generally, failure to name a party in the EEOC charge means the plaintiff did not exhaust administrative remedies against that party, and a district court must dismiss the case. See Alvarado, 848 F.2d at 458–59; see also 42 U.S.C. § 2000e–5(f)(1) (specifying that an individual may bring an action against a party "named in the charge").  The Fourth Circuit has noted that "[c]ourts have developed exceptions to this rule, though,

7

where it is clear that the defendant through some relationship with the named respondent had notice of the charges and participated in the conciliation process." EEOC v. Am. Nat'l Bank, 652 F.2d 1176, 1186 n.5 (4th Cir. 1981). Under the substantial identity exception, courts generally consider four factors enumerated by the Third Circuit in Glus v. G.C. Murphy Co.:

> (1) whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint;
>
> (2) whether, under the circumstances, the interests of a named are so similar as the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings;
>
> (3) whether its absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed party;
>
> (4) whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party.

Mayes v. Moore, 419 F. Supp. 2d 775, 783 (M.D.N.C. 2006) (quoting Glus, 562 F.2d at 888); see also Alvarado, 848 F.2d at 461 (explaining that the "Fourth Circuit has not had occasion to decide whether to adopt the substantial identity exception" but noting that the American National Bank case quoted such language "with approval . . . in dictum").[1]

---

[1] Glus is the leading case applying the "substantial identity" exception, and as established above, it enunciated a four-part balancing test for determining whether a suit may proceed against a party not named in an administrative charge. The Seventh Circuit accepted the Glus test, but also recognized that certain parties with actual notice of the EEOC proceedings may also be sued. Eggleston, 657 F.2d at 905–07. Other circuit courts followed the Seventh Circuit's standard, which permits parties to invoke either the Glus identity-of-interest exception or the Eggleston actual notice exception. See, e.g., Virgo v. Riviera Beach Ass'n, Ltd., 30 F.3d 1350, 1359 (11th Cir. 1994); Johnson v. Palma, 931 F.2d 203, 209–10 (2d Cir. 1991); Romain v. Kurek, 836 F.2d 241, 245–46 (6th Cir. 1987); Greenwood v. Ross, 778 F.2d 448, 451 (8th Cir. 1985); EEOC v. Simbaki, 767 F.3d 475, 484 (5th Cir. 2014).

Waters was represented by counsel at the time he filed his initial EEOC complaint.  R&R at 5 n.3.  Courts across the country have split over whether represented parties may invoke the exceptions to the named-party requirement.  See, e.g., EEOC v. Bass Pro Outdoor World, LLC, 884 F. Supp. 2d 499, 528–29 (S.D. Tex. 2012) (citing cases), reconsidered in other parts, 35 F. Supp. 3d 836 (S.D. Tex. 2014).  The parties identify no circuit court decisions addressing this precise issue, and the court has only found a decision from the Fifth Circuit, which held that parties represented by counsel can invoke the exceptions to the named-party requirement.  EEOC v. Simbaki, Ltd., 767 F.3d 475, 484–85 (5th Cir. 2014).  However, at least one district court in the Fourth Circuit has held that the rationale behind the identity of interest exception—that the pleadings of lay complainants should be construed liberally—is not applicable in cases where the plaintiff was represented by counsel at the time of filing with the EEOC.  See, e.g., Olvera-Morales v. Int'l Labor Mgmt. Corp., Inc., 2008 WL 939180, at *2 (M.D.N.C. Apr. 4, 2008).  This court is persuaded by the court's reasoning in Olvera-Morales.  See id.  The Fourth Circuit has noted that "Title VII does not require procedural exactness from lay complainants" and "EEOC charges must be construed with utmost liberality since they are made by those unschooled in the technicalities of formal pleading." Alvarado, 848 F.2d at 460 (internal quotation marks omitted and emphasis added).  The court finds that the rationale of liberal construction does not apply when an attorney prepares the EEOC charge on behalf of his client because attorneys (ideally) should be schooled in the technicalities of formal pleading.[2]

---

[2] The court emphasizes the importance of compliance with the technicalities of formal pleading in a Title VII complaint where a law firm represents that they "have more than 35 combined years of experience guiding clients through complex employment

Waters is represented by a law firm specialized in employment law whose website emphasizes their experience with "complex employment matters," including Title VII complaints. See Wigger Law Firm, Inc., https://wiggerlawfirm.com/employment_law.php (last visited February 2, 2023). An attorney experienced in employment matters should know of or be able to identify the named-party requirement. Upon doing so, that attorney should name all relevant discriminatory actors in the EEOC charge—especially if a company is directly referenced in the substance of the charge as is the case here with Boeing. See ECF No. 16-2 at 3. For these reasons, the court grants Boeing's motion to dismiss for failure to exhaust administrative remedies by failing to comply with the named-party requirement. Despite granting Boeing's motion to dismiss, the court finds that this holding does not unduly prejudice Waters, because his federal complaint will proceed against Univar.

## IV.   CONCLUSION

For the foregoing reasons the court **REJECTS** the R&R, ECF No. 20, and **GRANTS** the motion to dismiss, ECF No. 16.

---

matters." Wigger Law Firm, Inc., https://wiggerlawfirm.com/employment_law.php (last visited February 2, 2023).

**AND IT IS SO ORDERED.**

DAVID C. NORTON
UNITED STATES DISTRICT JUDGE

**February 2, 2023**

**Charleston, South Carolina**